Slip Op. 11-73

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SCHAEFFLER ITALIA S.R.L. and SCHAEFFLER GROUP USA, INC.,** | |
| Plaintiffs, | |
| v. | |
| **UNITED STATES,** | **Before:  Timothy C. Stanceu, Judge** |
| Defendant, | **Court No. 09-00386** |
| and | |
| **THE TIMKEN COMPANY,** | |
| Defendant-Intervenor. | |

## OPINION

[Denying plaintiffs' motion for judgment on the agency record contesting final results of an administrative review of an antidumping duty order on ball bearings from Italy]

June 22, 2011

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (*Max F. Schutzman*, *Andrew T. Schutz*, and *Ned H. Marshak*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Joanna V. Theiss*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: Plaintiffs Schaeffler Italia S.r.l. ("Schaeffler Italia") and Schaeffler

Group USA, Inc. (collectively, "Schaeffler" or "plaintiffs") contest the final determination

("Final Results") issued by the International Trade Administration, United States Department of

Commerce ("Commerce" or the "Department"), in the nineteenth administrative reviews of

antidumping duty orders on imports of ball bearings and parts thereof ("subject merchandise")

from France, Germany, Italy, Japan, and the United Kingdom. *Ball Bearings & Parts Thereof*

*From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping*

*Duty Admin. Reviews & Revocation of an Order in Part*, 74 Fed. Reg. 44,819 (Aug. 31, 2009)

("*Final Results*").  Plaintiffs, participants in the administrative review of the order pertaining to

subject merchandise from Italy, challenge the Department's assignment to Schaeffler Italia of a

15.10% dumping margin for entries made during the period of May 1, 2007 through April 30,

2008 (the "period of review" or "POR").  Compl. ¶¶ 4,10.  Commerce did not examine

Schaeffler Italia during the review and assigned Schaeffler Italia the margin it determined from

its individual examination of SKF Industrie S.p.A./Somecat S.p.A. ("SKF" or "SKF Italy"), the

only other respondent in the review.  *Final Results*, 74 Fed. Reg. at 44,820.

        Before the court is plaintiffs' motion for judgment upon the agency record, Pl.'s

Rule 56.2 Mot. for J. upon the Agency R. ("Pls.' Mot."), which is opposed by defendant and

defendant-intervenor The Timken Company ("Timken"), Def.'s Opp'n to Pls.' Mot. for J. upon

the Agency R. ("Def.'s Opp'n"); Resp. Br. of The Timken Co. to the Rule 56.2 Mots. of

Schaeffler Italia S.r.l. & Schaeffler Group USA, Inc. ("Def.-intervenor's Resp.").  Foregoing a

challenge to the Department's assignment of the 15.10% margin on the ground that Schaeffler

Italia should have been examined individually during the review, plaintiffs claim instead that it

was unlawful, unreasonable, and inequitable for Commerce to assign Schaeffler Italia the

15.10% margin rather than the 1.57% margin Schaeffler Italia received in the seventeenth

review, the most recent previous review in which Schaeffler Italia received an individually-

determined margin.  Br. in Supp. of Pl.'s Rule 56.2 Mot. for J. upon the Agency R. 2-3 ("Pls.'

Br."). The court concludes that plaintiffs, having declined to challenge the assignment of the

15.10% margin on the ground that the Department was required to examine Schaeffler Italia,

should not obtain a remedy on their claim. In the circumstances of this case, in which

Commerce had no lawful alternative to assigning a margin based on an examination of

Schaeffler Italia, plaintiffs have not demonstrated their entitlement to a remedy under which the

court would order Commerce to assign a margin other than 15.10% that also would be contrary

to law.

## I. BACKGROUND

On May 5, 2008, Commerce announced the opportunity to request administrative reviews

of the antidumping duty order on ball bearings and parts thereof from Italy. *Antidumping or*

*Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request*

*Admin. Review*, 73 Fed. Reg. 24,532, 24,533 (May 5, 2008). Schaeffler and Timken requested

that Commerce review the sales of Schaeffler Italia, and SKF requested that Commerce review

its own sales. *Letter from Timken to Asst. Sec'y for Import Admin.* (May 30, 2008) (Admin. R.

Doc. No. 4760); *Letter from Schaeffler to Sec'y of Commerce* (May 30, 2008) (Admin. R. Doc.

No. 4761); *Letter from SKF to Asst. Sec'y for Import Admin.* (May 30, 2008) (Admin. R. Doc.

No. 4762). On July 1, 2008, Commerce initiated a review of Schaeffler, SKF, and Edwards, Ltd.

and Edwards High Vacuum Int'l Ltd. (collectively, "Edwards"). *Initiation of Antidumping &*

*Countervailing Duty Admin. Reviews & Requests for Revocation in Part*, 73 Fed. Reg. 37,409

(July 1, 2008). On July 7, 2008, Commerce requested that these three respondents report the

quantity and value of their sales of subject merchandise during the period of review. *Letter from*

*Office Dir., AD/CVD Enforcement Office 5 to All Named Respondents* (July 7, 2008) (Admin. R.

Doc. No. 1311).  Schaeffler and SKF provided such information, but Edwards did not.  *Letter*

*from Schaeffler to the Sec'y of Commerce* (July 17, 2008) (Admin. R. Doc. No. 4789); *Letter*

*from SKF to the Sec'y of Commerce* (July 17, 2008) (Admin. R. Doc. No. 4786).

On August 12, 2008, Commerce announced in a memorandum ("Respondent Selection

Memorandum") that it would determine an individual margin for only one respondent, SKF.

*Mem. from Program Manager, AD/CVD Enforcement Office 5, to Office Dir., AD/CVD*

*Enforcement Office 5*, at 3 (Aug. 12, 2008) (Admin. R. Doc. No. 4802) ("*Resp't Selection*

*Mem.*").  The Department stated that "[a]fter careful consideration of our resources, we believe

that it would not be practicable in this review to examine all producers/exporters of the subject

merchandise for which we have a request for review."  *Id*.  On August 15, 2008, Schaeffler

requested voluntary respondent status.  *Letter from Schaeffler to the Sec'y of Commerce*

(Aug. 15, 2008) (Admin. R. Doc. No. 4803).  On August 26, 2008, Schaeffler withdrew that

request.  *Letter from Schaeffler to the Sec'y of Commerce* (Aug. 26, 2008) (Admin. R. Doc.

No. 4807).

On March 26, 2009, Commerce rescinded the review of Edwards because Edwards

withdrew its review request.  *Ball Bearings & Parts Thereof from France, Germany, Italy,*

*Japan, & the United Kingdom: Partial Rescission of Antidumping Duty Admin. Reviews*, 74 Fed.

Reg. 13,190, 13,191 (Mar. 26, 2009).  On April 27, 2009, Commerce announced in the

preliminary results of the review that, as a preliminary margin, it would assign to Schaeffler

Italia, the sole non-selected respondent, the 10.94% preliminary rate it determined for SKF.  *Ball*

*Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Prelim.*

*Results of Antidumping Duty Admin. Reviews & Intent To Revoke Order In Part*, 74 Fed. Reg.

19,056, 19,057 (Apr. 27, 2009).  In the Final Results, Commerce assigned to SKF a margin

of 15.10% and also assigned that margin to Schaeffler Italia.  *Final Results*, 74 Fed. Reg.

at 44,821 ("Because the margin for SKF Italy changed for the final results, we applied the final

margin for SKF Italy to Schaeffler . . . the sole Italian respondent not selected for individual

examination.").

On September 10, 2009, Schaeffler filed its summons and complaint.  Summons; Compl.

On February 12, 2010, Schaeffler moved for judgment upon the agency record pursuant to

USCIT Rule 56.2.  Pls.' Mot.  Defendant and defendant-intervenor oppose this motion.  Def.'s

Opp'n; Def.-intervenor's Resp.  On August 26, 2010, the court held oral argument.  Oral Tr.

(Aug. 26, 2010).  Upon plaintiffs' motion of September 23, 2010, which defendant and

defendant-intervenor opposed, the court allowed supplemental briefing by the parties on the

issue of whether the substantial evidence standard applies to the Department's selection of the

antidumping duty rate applied to Schaeffler Italia as the sole non-selected respondent.  Mot. for

Leave to File a Supplemental Br.; Order (Oct. 18, 2010), ECF No. 46.

## II. DISCUSSION

The court exercises jurisdiction under Section 201 of the Customs Courts Act of 1980

("Customs Courts Act"), 28 U.S.C. § 1581(c) (2006), pursuant to which the court reviews

actions commenced under section 516A of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C.

§ 1516a (2006), including an action contesting the final results of an administrative review that

Commerce issues under section 751(a) of the Tariff Act, 19 U.S.C. § 1675(a).  The court "shall

hold unlawful any determination, finding, or conclusion found . . . to be unsupported by

substantial evidence on the record, or otherwise not in accordance with law . . . ."  19 U.S.C.

§ 1516a(b)(1)(B)(i).

Plaintiffs challenge, on various grounds, the decision reached in the Final Results to

assign to Schaeffler Italia the 15.10% weighted average dumping margin that Commerce

determined individually for SKF.  The court concludes that this decision was contrary to law.

Section 777A(c)(1) of the Tariff Act establishes as a "[g]eneral rule" that "[i]n

determining weighted average dumping margins under" section 751(a) of the Tariff Act, which

provides for periodic administrative reviews, Commerce "shall determine the individual

weighted average dumping margin for each known exporter and producer of the subject

merchandise."  19 U.S.C. § 1677f-1(c)(1).  In paragraph (c)(2), section 777A carves out an

"[e]xception" to this general rule, under which Commerce is permitted to determine individual

weighted average dumping margins for "a reasonable number of exporters and producers" in a

situation in which "it is not practicable to make individual weighted average dumping margin

determinations . . . because of the large number of exporters or producers" in the review.  *Id.*

§ 1677f-1(c)(2).  Under the circumstances existing in the nineteenth administrative review, in

which requests for review remained pending for only two companies, SKF and Schaeffler Italia,

the Department had no lawful alternative to determining "the individual weighted average

dumping margin" for each of these companies.  *See id.* §§ 1675(a), 1677f-1(c).  The court

reaches this conclusion by reviewing the Department's implied construction of section

777A(c)(2) of the Tariff Act according to the principles of *Chevron, U.S.A., Inc. v. Natural

Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984).  In so doing, the court considers

"whether Congress has directly spoken to the precise question at issue," *id.* at 842; if so, the

court "must give effect to the unambiguously expressed intent of Congress," *id.* at 843.  If not,

and "the statute is silent or ambiguous with respect to the specific issue, the question for the

court is whether the agency's answer is based on a permissible construction of the statute." *Id.*

      In using the terms "reasonable number of exporters or producers" and "large number of

exporters or producers" in section 777A(c)(2) of the Tariff Act, Congress has directly spoken to

the precise question at issue.  The plural term "*reasonable* number of *exporters* or *producers*,"

read according to its plain meaning, does not encompass a quantity of one.  19 U.S.C.

§ 1677f-1(c)(2) (emphasis added).  Nor may the term "*large* number of exporters or producers,"

*id.* (emphasis added), plausibly be construed to mean any number of exporters or producers

greater than two.[1]  *See Zhejiang Native Produce & Animal By-Products Import & Export Corp.*

*v. United States*, 33 CIT __, __, 637 F. Supp. 2d 1260, 1264-65 (2009); *Carpenter Tech. Corp. v.*

*United States*, 33 CIT __, __, 662 F. Supp. 2d 1337, 1342-46 (2009).  Not only does the

Department's implied construction violate plain meaning, it so elevates the "[e]xception" of

paragraph (2) of section 777A(c) of the Tariff Act as to render meaningless the "[g]eneral rule"

of paragraph (1) of the provision.  It follows that the Department's decision not to determine an

individual weighted average dumping margin for Schaeffler Italia was made without statutory

authority, and that the Final Results, with respect to that decision, are contrary to law.

---

[1] As of August 12, 2008, the date it issued its memorandum on respondent selection, the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") was faced with requests to review only three respondents.  *Mem. from Program Manager, AD/CVD Enforcement Office 5, to Office Dir., AD/CVD Enforcement Office 5*, at 1 (Aug. 12, 2008) (Admin. R. Doc. No. 4802).  One of the three respondents the memorandum identified, "Edwards" (a term referring collectively to Edwards, Ltd. and Edwards High Vacuum Int'l Ltd.), subsequently withdrew its request for review, and Commerce rescinded the review as to Edwards.  *Ball Bearings & Parts Thereof from France, Germany, Italy, Japan, & the United Kingdom: Partial Rescission of Antidumping Duty Admin. Reviews*, 74 Fed. Reg. 13,190, 13,191 (Mar. 26, 2009).

Ordinarily, a court's reaching a conclusion that final results issued in an administrative review are contrary to law with respect to the very determination under challenge would result in an order setting the final results aside and directing Commerce, on remand, to take the required corrective action.  *See* 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ."").  Because of the special circumstances of this case, however, the court concludes that plaintiffs do not qualify for any form of relief in response to their Rule 56.2 motion.

The court first considers whether plaintiffs qualify for relief that would address directly the flaw in the Final Results, which was the Department's failure to calculate for Schaeffler Italia the "individual weighted average dumping margin" required by statute.  This form of relief could occur only through a remand order directing Commerce to calculate a margin using Schaeffler Italia's sales during the POR.  For two reasons, discussed below, the court declines to issue such a remand order.  First, plaintiffs have disclaimed any such form of relief, choosing to challenge the assignment of the 15.10% rate only on grounds other than the Department's failure to examine Schaeffler Italia individually.  Second, plaintiffs do not qualify for a remand order in this form, having withdrawn their request for voluntary respondent status during the review and thereby failing to exhaust their administrative remedies on the individual examination issue.

The complaint reveals that plaintiffs did not intend to contest the assignment of the 15.10% rate to Schaeffler Italia on the ground that Schaeffler Italia should have been examined. Plaintiffs claim that "Commerce's Final Determination in the antidumping duty administrative review was not supported by substantial evidence and was otherwise contrary to law insofar as it determined Schaeffler's dumping margin based on a rate it calculated for SKF, rather than a rate

it *previously* calculated for Schaeffler."  Compl. ¶ 13 (emphasis added).  Although the court may

have discretion to construe this claim broadly so as to ignore plaintiffs' reference to a rate

"previously" calculated for Schaeffler, *id.*, and consider a challenge based on alternate grounds,

the court is unwilling to overlook the point that plaintiffs' Rule 56.2 brief makes no mention of

challenging the assignment of the 15.10% rate to Schaeffler Italia on the specific ground that

assigning this rate was contrary to the requirement to examine Schaeffler Italia individually.  *See*

Pls.' Br.; USCIT R. 56.2(c)(1) (requiring that the Rule 56.2 brief address "the issues of law

presented together with the reasons for contesting or supporting the administrative determination

. . .").  What is more, plaintiffs' reply brief disavows any intention to raise this ground, clarifying

that "Schaeffler is not challenging the Department's decision not to select it as a mandatory

respondent, and agrees with Defendant-Intervenor that this Court does not have the authority, in

the context of this litigation, to require the Department to select Schaeffler as a second

mandatory respondent."[2]  Pls.' Reply Br. 8 n.1.

Even had plaintiffs challenged the assignment of the 15.10% rate on the ground that

Commerce should have assigned a margin based on Schaeffler Italia's sales during the POR, the

court still would decline to order Commerce to examine Schaeffler Italia on remand.  As to the

individual examination issue, plaintiffs failed to exhaust their administrative remedies, having

withdrawn their request for voluntary respondent status.  Congress, in section 782(a) of the

Tariff Act, provided the "voluntary respondent" procedure, under which a respondent who is not

selected initially for individual examination still may request an individual weighted average

---

[2] In the quoted language, plaintiffs refer to the argument made by defendant-intervenor
The Timken Company that a claim contesting the Department's decision to examine only SKF
Industrie S.p.A./Somecat S.p.A., and thereby to decline to examine Schaeffler Italia S.r.l., is not
before the court.  Resp. Br. of The Timken Co. to the Rule 56.2 Mots. of Schaeffler Italia S.r.l. &
Schaeffler Group USA, Inc. 15-17.

dumping margin.  *See* 19 U.S.C. § 1677m(a).  Where, as here, a respondent "did not pursue the

remedy available to it for obtaining its own rate," such a respondent cannot be said to have

exhausted its administrative remedies on the "respondent selection" issue, *i.e.*, the issue of

whether the respondent would receive a margin based on an individual examination of its sales

in the review.  *See Asahi Seiko Co. v. United States*, 35 CIT __, __, 755 F. Supp. 2d 1316, __,

Slip Op. 11-24, at 15 (2011); *Asahi Seiko Co. v. United States*, 34 CIT __, 751 F. Supp. 2d 1335

(2010); Customs Courts Act, § 301, 28 U.S.C. § 2637(d) (directing that the court, "where

appropriate, require the exhaustion of administrative remedies.").

      Nor can the court conclude that it would have been futile for Schaeffler to allow

Commerce to rule on the voluntary respondent request.  The futility exception to the exhaustion

requirement is a narrow one that requires parties to show that they "would be 'required to go

through obviously useless motions in order to preserve their rights.'"  *Corus Staal BV v. United

States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (quoting *Bendure v. United States*, 554 F.2d 427,

431 (Ct. Cl. 1977)).  Plainly, the voluntary respondent request was unlikely to have been

approved had Schaeffler not withdrawn it, but Commerce did not close the door entirely on the

prospect that Schaeffler Italia might be examined.  Although the Respondent Selection

Memorandum states that "[b]ased upon our analysis of the workload required for this

administrative review, we have determined that we can examine, at the maximum, one

exporter/producer of ball bearings and parts thereof from Italy," *Resp't Selection Mem.* 3, and

that "as long as the selected respondent cooperates in this review, we will not be able to calculate

individual rates for other voluntary respondents due to limited resources," it also mentions that

"[i]f we receive a request to review a voluntary respondent we will examine this matter, taking

into consideration available resources and the cooperation of the selected respondent," *id.* at 4.

In summary, the court will not order Commerce to examine Schaeffler Italia on remand because plaintiffs have not asserted the individual examination requirement as a ground for their challenge to the assignment of the 15.10% rate and because allowing plaintiffs to assert that ground now would be contrary to the requirement to exhaust administrative remedies.  The court next considers whether it is appropriate to order any other form of relief in this case.  The court concludes that plaintiffs have not established entitlement to such relief.

While foregoing a challenge to the assignment of the 15.10% margin on the ground that the statute required an individual margin for Schaeffler Italia, plaintiffs argue in support of their Rule 56.2 motion that assignment of the 15.10% margin was impermissible on various other grounds.  First, they argue that this rate is not comparable to any rate assigned to Schaeffler Italia in a past administrative review of the order and is therefore unrepresentative of Schaeffler Italia's presumed dumping rate.  Pls.' Br. 10.  Assigning the 15.10% rate, according to plaintiffs, was contrary to the Department's obligation "to calculate dumping margins as accurately as possible."  *Id*. at 2.  Acknowledging that the Department's usual methodology is to assign unexamined respondents a rate based on an average of the rates for examined respondents, excluding *de minimis* rates and rates based on facts otherwise available, plaintiffs submit that following the usual practice was unlawful and inequitable as applied in this review because "the Department's chosen methodology must be reasonable and have a rational connection to the facts of a particular case."  *Id.* at 11.  They argue that a rate for any single producer cannot be representative of another producer's rate because "[i]nherent in the all-other rate methodology is the premise that the mandatory respondents' estimated rates will be representative of the estimated antidumping duty rates of non-selected respondents."  *Id.* at 19 (citing *National Knitwear & Sportswear Ass'n v. United States*, 15 CIT 548, 779 F. Supp. 1364 (1991)).  Further,

they maintain that the statute, which refers to a "weighted average" in addressing all-others rates

for investigations (as opposed to reviews), never contemplated that an all-others rate would be

based on the rate of a single respondent. *Id*. (citing Tariff Act, § 735(c)(5), 19 U.S.C.

§ 1673d(c)(5)).  Finally, they argue that "[b]ecause SKF Italy's margin is unrepresentative of

Schaeffler Italia's based on the company's history, the Department should have used the non-

selected respondent rate methodology it typically uses when faced with unrepresentative

rates–apply the calculated rate of Schaeffler Italia from the most recent administrative review."

*Id*. at 20.  The "calculated rate" to which plaintiffs refer is the 1.57% margin Schaeffler Italia,

which was not reviewed in the eighteenth administrative review of the order, received in the

seventeenth review.  *Id.* at 3.  Citing these various considerations, plaintiffs argue that the 1.57%

rate Schaeffler Italia was assigned in the seventeenth reviews would be more reasonable, more

accurate, and more equitable than the 15.10% rate assigned by the Final Results.  *Id*. at 2-3.

Plaintiffs seek a remand order to this effect.  *Id*. at 29.  The court finds their arguments

unpersuasive.

  Concerning the relative reasonableness of the 15.10% rate as opposed to any other rate,

and specifically the 1.57% rate, it makes little sense to describe as "reasonable" any rate the

statute does not permit.  Here, the only statutorily permissible rate is a rate based on Schaeffler

Italia's sales in the POR.  With respect to relative accuracy, the 1.57% rate, like any other rate

based on Schaeffler Italia's sales in a prior review, has the disadvantage of lacking any

relationship to the administrative review at issue in this litigation.  The 15.10% rate, although

also unlawful, is at least grounded in sales occurring during the POR, albeit those of a single

respondent that was a party other than Schaeffler Italia.  Neither rate serves the statutory

objective of achieving an accurate margin.

Plaintiffs raise some valid points concerning the inequity of the Department's assigning Schaeffler Italia the 15.10% rate.  Plaintiffs justifiably object that the 1.57% rate would be more representative of Schaeffler Italia's historical rates than is the 15.10% rate.  Also, an equitable argument can be made that Schaeffler Italia, which originally sought to be examined in the review and was denied that opportunity in the first instance by the Department's respondent selection decision, should receive the 1.57% rate that it would have received had no one requested a review of Schaeffler Italia in the nineteenth review.  *See* 19 C.F.R. 351.212(a) (2010).  The flaw in these equitable arguments is that Schaeffler Italia would have received its own rate, either during the review or upon remand, by allowing its voluntary respondent request to stand, and, if necessary, by contesting in court an unlawful failure to examine it individually.  Having deliberately foregone what would have been a successful challenge to the assignment of the 15.10% margin, plaintiffs now would have the court order Commerce to submit redetermined Final Results that could do no more than supplant one unlawful determination with another.  After full consideration of plaintiffs' arguments in law and equity, the court declines to do so.

### III. Conclusion

The court concludes that plaintiffs, in challenging the assignment of the 15.10% margin to Schaeffler Italia in the Final Results, do not qualify for a remand order that would require Commerce to assign a different margin.  Their motion for judgment on the agency record therefore will be denied, and the court will enter judgment for defendant pursuant to USCIT Rule 56.2(b).

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 22, 2011
       New York, New York

Slip Op. 11-73

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SCHAEFFLER ITALIA S.R.L. and SCHAEFFLER GROUP USA, INC.,**<br><br>       Plaintiffs,<br><br>       v.<br><br>**UNITED STATES**,<br><br>       Defendant,<br><br>       and<br><br>**THE TIMKEN COMPANY**,<br><br>       Defendant-Intervenor. | **Before:  Timothy C. Stanceu, Judge**<br><br>**Court No. 09-00386** |

## JUDGMENT

For the reasons set forth in *Schaeffler Italia S.r.l. v. United States*, 35 CIT __, Slip Op. 11-73 (June 22, 2011), regarding *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Revocation of an Order in Part*, 74 Fed. Reg. 44,819 (Aug. 31, 2009), and upon consideration of all submissions and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiffs' motion for judgment on the agency record be, and hereby is, DENIED; and it is further

**ORDERED** that, in accordance with USCIT Rule 56.2(b), judgment be, and hereby is, entered for defendant.

           /s/ Timothy C. Stanceu
           Timothy C. Stanceu
           Judge

Dated: June 22, 2011
       New York, New York